IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALEXANDRU RADULESCU,

                           Petitioner,

   v.                                                     OPINION and ORDER

WARDEN E. EMMERICH,                       24-cv-849-wmc

                           Respondent.

---

      Petitioner Alexandru Radulescu is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Radulescu seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, petitioner contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Respondent argues that the petition must be denied because he is not eligible for the time credits he seeks. (Dkt. #14.) The petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

      Petitioner, who is a citizen of Romania, is currently imprisoned as the result of a conviction for conspiracy to commit access-device fraud, wire fraud, and bank fraud offenses, as well as aggravated identity theft in *United States v. Radulescu*, Crim. No. 19-651-20 (S.D.N.Y.). (Palmer Decl. (dkt. #15) at ¶ 2.) In a judgment entered on January 12, 2023, petitioner received a sentence of 100 months' imprisonment followed by a three-year term of

supervised release. (Dkt. #15-2.)  His projected release date is January 22, 2027.  (Palmer Decl. (dkt. #15) at ¶ 2.)

Here, petitioner argues that he would be entitled to speedier release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"), that he earned for participating in a work program.  (Dkt. #1, at 1.)  The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"  18 U.S.C. § 3632(d)(4)(C).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws if the United States.  28 U.S.C. § 2241(c)(3).  Petitioner does not demonstrate a constitutional violation in connection with his confinement and does not show that his sentence has been calculated incorrectly.

Respondent has presented evidence that petitioner is the subject of a "Notice and Order of Expedited Removal" issued pursuant to Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1).  (Ex. G to Palmer Decl. (dkt. #15-7) at 2.) Expedited removal orders are considered final upon review and approval of an appropriate supervisor.  *See* 8 C.F.R. § 235.3(7); *Jefferson v. Emmerich*, No. 24-cv-93 (W.D. Wis. Nov. 22, 2024) (orders for expedited removal entered by an immigration officer under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), and approved by a supervisor, are considered final).  The removal order

entered against petitioner received the necessary supervisory review and approval. (Ex. G to Palmer Decl. (dkt. #15-7) at 2.) As such, petitioner does not show that his expedited order of removal is not final.

Prisoners who are under a final order of removal are expressly excluded from eligibility for FTCs under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws). Respondent notes that petitioner is not otherwise entitled FTCs for the work he has performed in prison, which does not qualify as evidence-based recidivism reduction program ("EBRR") under 18 U.S.C. § 3635(3). *See* 28 C.F.R. §§ 523.40(b), 523.41(a). (Palmer Decl. (dkt. #15) ¶ 4.) Petitioner does not dispute this or show that the work he has performed while in prison otherwise qualifies for such credit.

The court notes that petitioner has filed an unsigned motion to add new grounds for relief based on arguments made by a different federal prisoner in another case (dkt. #9), but he does not show that those arguments -- which are based on *F.J.A.P. v. Garland*, 94 F.4th 620 (7th Cir. 2024) (concerning jurisdiction to review a reinstated order of removal where the petitioner was seeking withholding of removal under the Convention Against Torture) -- entitle him to prevail, since challenges to a removal order are barred from review by district courts. *See* 8 U.S.C. § 1252(a)(5) (a petition for review to the applicable circuit court of appeals is the "sole and exclusive means of judicial review" for orders of removal). Based on this record, petitioner fails to show that FTCs apply to shorten his term of imprisonment or that his

sentence has been calculated incorrectly. Because petitioner is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

ORDER

IT IS ORDERED that:

1. The petition filed by Alexandru Radulescu (dkt. #1) is DENIED.

2. Petitioner's motion to add new grounds for relief based on arguments made by a different petitioner in another case (dkt. #9) is DENIED.

3. This case is DISMISSED with prejudice.

Entered on this 9th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge